IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FREIGHT DRIVERS AND HELPERS LOCAL 557 PENSION FUND, *et al.*, | * | |
| | * | |
| Plaintiffs, | | |
| | * | Civil Action No.: RDB 05-1999 |
| v. | | |
| | * | |
| AUTO RESOURCES GROUP OF MARYLAND, *et al.*, | | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

This action arises out of a Complaint filed by Plaintiffs Freight Drivers and Helpers Local Union No. 557 Pension Fund, by its Trustee William Alexander and New York State Teamsters Council Health and Hospital Fund, by its Trustees and Co-Chairman Dawson Cunningham and Gary Staring ("Plaintiffs") against Defendants Auto Resources Group, Auto Resources Group of Maryland, Auto Rail Services of Maryland, Inc., and Auto Rail Services of Maryland, Inc. d/b/a Auto Resources Group of Maryland ("Defendants"). The Complaint seeks to collect delinquent contributions owed by Defendants to Freight Drivers and Helpers Local 557 Pension Fund and New York State Teamsters Council Health and Hospital Fund (the "Funds") pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.

On April 12, 2006, this Court conducted a hearing with respect to the parties' cross-motions for summary judgment.[1] At the hearing, counsel for Defendants agreed that there is no

---

[1] On February 2, 2006, Plaintiffs filed a Motion for Summary Judgment (Paper No. 13). On February 3, 2006, Defendants filed a Motion to Dismiss or, in the Alternative, Summary

genuine issue of material fact and Plaintiffs are entitled to judgment as a matter of law with respect to the issue of liability for delinquent contribution to the Funds.  Defendants also agreed that judgment should be entered in favor of Plaintiffs in the amount of $259,159.29 plus attorneys' fees and costs.  The sole dispute in this case—and the basis of Defendants' Motion to Dismiss or, in the Alternative for Summary Judgment—is whether judgment should be entered against just one of the named defendants.

Defendants maintain that only one entity—Auto Rail Services of Maryland, Inc.—is liable in this matter and that the other entities named as defendants—Auto Resources Group, Auto Resources Group of Maryland, and Auto Rail Services of Maryland, Inc. d/b/a Auto Resources Group of Maryland—are merely trade names or "doing business" names for Auto Rail Services of Maryland, Inc.  In addition, Defendants suggest that only Auto Rail Services of Maryland, Inc. was properly served with Plaintiffs' Complaint.  Accordingly, Defendants request that judgment be entered against only Auto Rail Services of Maryland, Inc.

Plaintiffs, however, contends that judgment should be entered against each of the named defendants.  Plaintiffs emphasize that the only entity that has signed the underlying pension plan documents and contributed to the Funds is Auto Resources Group.[2]  Finally, Plaintiffs argue that service of process was effectuated against each of the named defendants through Auto Rail Services of Maryland, Inc., thereby satisfying the requirements of Fed. R. Civ. P. 4, Md. Rule 2-124, and relevant caselaw.  (*See* Pl's Mem. Supp. Opp'n p. 9 (citing *Karlsson v. Rabinowitz*, 318

---

Judgment (Paper No. 14).

[2]  (*See* Pl's Mem. Supp. Summ. J. Exs. 7 & 8 (Participation Agreements with the Funds, signed by Auto Resources Group); Exs. 9-11 (required monthly remittance reports, filed by Auto Resources Group).)  At the hearing, counsel for Plaintiffs also stated that Auto Resources Group made contributions to the Funds for a period of at least several years.

F.2d 666, 668 (4th Cir. 1963).)

At the hearing, counsel for Defendants explained the larger corporate structure within which Auto Rail Services of Maryland, Inc. fits. Ultimately, Auto Rail Services of Maryland, Inc. is wholly-owned by Renne Acquisition Corp., a corporation organized under the laws of the State of North Carolina.[3] Renne Acquisition Corp. apparently creates wholly-owned subsidiaries for the purpose of doing business in a particular state. For example, Renne Acquisition Corp. supposedly does business in the State of Maryland through Auto Rail Services of Maryland, Inc. Likewise, Renne Acquisition Corp. might do business in the State of Virginia through Auto Rail Services of Virginia, Inc. Finally, counsel for Defendants indicated that Auto Resources Group is the trade name for all of the "state-level" entities that are wholly-owned by Renne Acquisition Corp. and suggested that Auto Rail Services of Maryland, Inc. might be judgment-proof.

As this Court explained at the hearing, the parties do not dispute the basic facts and issues that govern the outcome of this case. First, there is no dispute that judgment should be entered in Plaintiffs' favor in the amount of $259,159.29 plus attorneys' fees and costs. Second, there is no dispute that judgment should be entered against Auto Rail Services of Maryland, Inc. and Auto Rail Services of Maryland, Inc. d/b/a Auto Resources Group of Maryland. Third, there is no dispute that Auto Resources Group is the name of the entity that agreed to participate in and contribute to the Funds, and was a signatory to the underlying contracts. Fourth, there is no dispute that Auto Rail Services of Maryland, Inc. is neither identified nor mentioned in any of the Fund documents. Fifth, counsel for Defendants represented that Auto Resources Group is

---

[3] Counsel for Defendants also represented that an individual named Steven Renne is the sole shareholder of Renne Acquisition Corp. Steven Renne's son—Ryan Renne—executed the Fund agreements at issue in this case as a Vice-President of Auto Resources Group. (*See*, *e.g.*, Pl's Mem. Supp. Summ. J. Ex. 7.).

the trade name for all of the "state-level" entities that are wholly-owned by Renne Acquisition Corp. Sixth, there is no dispute that Auto Rail Services of Maryland, Inc. was properly served in this matter.

Based on these undisputed facts and for reasons stated on the record at the hearing, this Court GRANTED Plaintiffs' Motion for Summary Judgment (Paper No. 13) and DENIED Defendants' Motion to Dismiss or, in the Alternative, Summary Judgment (Paper No. 14). This Court found that service was properly effectuated against each of the named defendants through Auto Rail Services of Maryland, Inc. Moreover, this Court found that judgment is appropriately entered against each of the named defendants in this matter. Accordingly, once the parties have conferred and communicated to this Court with respect to the matter of attorneys' fees and costs, the Court will enter judgment against each of the Defendants in the amount of $259,159.29 plus attorneys' fees and costs. A separate Order and Judgment will follow.


Dated: April 13, 2006                              /s/
                                                   Richard D. Bennett
                                                   United States District Judge